**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 26, 2019

LETTER TO COUNSEL

RE:  *Brenda C. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-3234

Dear Counsel:

On October 18, 2018, Plaintiff Brenda C. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF 1.  I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 14, 15, 16.  I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018).  This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).  Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).  This letter explains my rationale.

Plaintiff filed the instant claim for benefits on October 9, 2015, alleging an onset date of December 13, 2012.  Tr. 190-96.  Her claim was denied initially and on reconsideration.  Tr. 110-12, 116-17.  A hearing was held on October 18, 2017, before an Administrative Law Judge ("ALJ").  Tr. 35-84. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.  Tr. 19-29. The Appeals Council declined review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairment of affective disorder. Tr. 21.  Despite this impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations:  simple, routine tasks not at a production pace; can only occasionally adjust to changes in work place settings; can only occasionally interact with supervisors, coworkers, and the public; and will be absent one day per month.

Tr. 24. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in significant numbers in the national economy, specifically the positions of dayworker, linen room attendant, and industrial cleaner. Tr. 27-29.  Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame.  Tr. 29.

Plaintiff raises one primary argument on appeal: that the ALJ's step five conclusion was not supported by substantial evidence because the hypothetical posed to the VE was flawed. I agree with Plaintiff's argument, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff cites the recent opinion of the Fourth Circuit in *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), for the proposition that remand is warranted where a limitation proposed by the ALJ in his hypothetical is not defined by common meaning, regulation, or the DOT. ECF 14-1 at 11. In *Thomas*, the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of clarity frustrated appellate review. 916 F.3d at 312; *see also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). In this case, Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although that distinction is meaningless because the deficient RFC assessment would also infect the hypothetical based on that assessment. Plaintiff is correct that the ALJ presented the VE with a hypothetical including "not at a production pace," with no further definition of that phrase. Tr. 80. The term "production pace" appears to be analogous to the terms deemed problematic in *Thomas*. Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.

The SSA argues that this Court has previously held that a similar RFC limitation was subject to a common understanding, or, alternatively, that the ALJ's failure to define the limitation was harmless error. ECF 15-1 at 5-7. In *Crocetti v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-17-1122, 2018 U.S. Dist. LEXIS 95697 (D. Md. June 6, 2018), this Court did uphold a similar RFC provision. Critically, however, *Crocetti* noted that, "[n]o precedent, binding or otherwise, requires an additional definition to be presented in order for a hypothetical containing the phrase 'production rate pace' to be understandable to a VE." *Id.* at *5. That position cannot be maintained in the wake of *Thomas*. Whether or not the VE may have believed she understood the term, under current Fourth Circuit law, more specific definition is required to allow this Court to determine whether the ALJ has built a "logical bridge" between the evidence and his conclusion.

As to the argument about harmless error, given the Fourth Circuit's discussion of the phrases "production rate" or "demand pace" in *Thomas*, 916 F.3d at 312, this Court cannot adequately say whether the ALJ's inclusion of the phrase "not at a production pace" in Plaintiff's RFC limitation was harmless. Because "production pace" is not defined or mentioned in the relevant section of the DOT, any assessment as to whether the positions of day worker, linen room attendant, or janitor/industrial cleaner require work at a production pace would be based on this Court's lay understanding of the meaning of that term.[1] Under the Fourth Circuit's guidance in

---

[1] As the Commissioner notes, the term "production rate pace" appears in the DOT with respect to the physical exertion certain jobs require. *See* DOT App'x C, 1991 WL 688702 ("The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding

*Thomas,* this Court is unable to engage in that analysis without an adequate explanation from the ALJ of the definition of "production pace" that he intended to apply to this case.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED and Defendant's Motion for Summary Judgment, ECF 15, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

---

of a worker even though the amount of force exerted is negligible."). No specific definition of "production rate pace" is provided. *Id.*